**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 17-279-DLB**

**RONALD K. BELHASEN**                                                       **PLAINTIFF**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**ALVA A. HOLLON, JR.**                                           **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's Motion to Dismiss, seeking dismissal of Plaintiff's action for failure to timely serve Defendant under Federal Rule of Civil Procedure 4(m). (Doc. # 10). For the reasons below, this action is **dismissed.**

**I.**     **Factual and Procedural Background**

On October 11, 2017, Plaintiff filed this action alleging that he had been maliciously prosecuted by Defendant. (Doc. # 1). According to Plaintiff, he was a physician and orthopedic surgeon in southern Kentucky when Defendant filed a medical-malpractice complaint against him in 2008. *Id.* at 1-2. Plaintiff asserts that Defendant "instituted and continued" the case against him "without probable cause," even after "it became clear that no probable cause existed," until the court granted summary judgment in Plaintiff's favor and dismissed the matter in 2016. *Id.* at 2. Throughout, Plaintiff alleges that Defendant "engaged in a pattern of delay designed to mask the fact that he could not locate an expert witness" willing to testify that Plaintiff's medical decisions and actions fell below the standard of care. *Id.* Plaintiff now seeks compensatory and punitive damages.

1

*Id.* at 8.

On November 20, 2017, the Kentucky Secretary of State filed a notice indicating that it was not able to process the summons issued to Defendant because Plaintiff had not included the filing fee. (Doc. # 5). Ninety days after he had first filed the Complaint, on January 9, 2018, Plaintiff notified the Court that he had requested a second summons, for the purpose of having it served by the Kentucky Secretary of State. (Doc. # 6). The Kentucky Secretary of State filed a notice that same day indicating that it had reissued a service packet for summons to Plaintiff. (Doc. # 7).

On March 22, 2018, more than seventy days later—with still no indication that Plaintiff had served Defendant—this Court issued an Order requiring Plaintiff to show cause within ten days as to why he had not yet served Defendant, or face dismissal under Federal Rule of Civil Procedure 4(m). (Doc. # 8). On March 30, 2018, 170 after the case was initially filed, Plaintiff responded to the Court's Show Cause Order. (Doc. # 9). Plaintiff explained that the reason the service of summons had taken so long was that he was "under the mistaken impression that all fees had been paid electronically." *Id.* Plaintiff also indicated to the Court that the summons, issued on January 9, 2018, had been "hand-delivered to the Secretary of State … together with appropriate payment" that same day. *Id.*

Shortly thereafter, Defendant filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Doc. # 10). Defendant argues that the case should be dismissed for insufficient service of process under Rule 12(b)(5), lack of personal jurisdiction under Rule 12(b)(2), and for failure to state a claim under Rule 12(b)(6). *Id.* In the alternative, Defendant argues that summary judgment in Defendant's favor under

Rule 56 is appropriate. *Id.* Plaintiff having responded (Doc. # 12), and Defendant having replied (Doc. # 13), this motion is ripe for the Court's review.

II. **Analysis**

The Federal Rules of Civil Procedure require a defendant be served "within ninety (90) after the complaint is filed." Fed. R. Civ. P. 4(m). If not:

> [T]he court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

Following a determination that a defendant has not been timely served, the Rule contains two commands. First, the Court must either order service be made within a certain time or dismiss the action. Second, upon a plaintiff's showing of good cause for his failure, the Court is required to extend the time for service. Logically, an inquiry into the second order must be made first; it makes no sense to extend the time for service upon a showing of good cause if the court has already chosen to dismiss the action, or to determine whether good cause is shown if the court has already used its discretion to extend the time for service. *See, e.g., Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 753 (E.D. Ky. 2011).

Plaintiff argues that he has shown good cause for his failure to timely serve Defendant because his counsel inadvertently failed to properly pay the Kentucky Secretary of State for service, as it was counsel's "impression that all fees had been paid electronically." (Doc. # 9). However, Plaintiff all-but concedes that he has not shown good cause, arguing that if good cause does not exist, the Court still has discretion to

dismiss the case or extend the time for service. (Doc. # 12 at 8). In support of his argument to extend service, Plaintiff argues that "other substantial factors" "weigh in favor of not dismissing the case." *Id.* Plaintiff provides two "other substantial factors." *Id.* at 9. First, Plaintiff argues that the total delay in service is miniscule compared to the delays in the prior state-court medical-malpractice action between Plaintiff and Defendant's former client. *Id.* Second, Plaintiff argues that Defendant has not suffered any prejudice from the delay of service, and in fact Defendant received service only "a mere four days after filing" his Motion to Dismiss. *Id.*

Although Rule 4(m) does not define good cause, the Sixth Circuit has required "at least excusable neglect." *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, at *1 (6th Cir. 2000) (table). This standard "has consistently been held to be strict, and can be met only in extraordinary circumstances." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). To assess a claim of excusable neglect, the Court considers the neglect of both the party and the party's counsel. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 397 (1993)). In this manner, "clients [are] held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs.,* 507 U.S. at 396.

The Court must consider and balance five equitable factors in determining excusable neglect: "(1) the danger of prejudice to the [Defendant]; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of [Plaintiff or Plaintiff's counsel]; and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467

F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs.,* 507 U.S. at 395).

A review of the timeline, in consideration of these factors, shows that Plaintiff has failed to show good cause. Plaintiff was notified of his failure to pay the Secretary of State on November 20, 2017. (Doc. # 5). Even if the time to serve Defendant ran from that date—which it did not—Plaintiff's ninety days for service would have run on February 18, 2018, more than a month before this Court issued its Show Cause Order. (Doc. # 8). It took Plaintiff's counsel almost two months to request a second summons, and even then Plaintiff's counsel did not take any action to get the summons served until after this Court had issued its Show Cause Order. All told, 180 days elapsed between the filing of this action and service upon the single Defendant. (Docs. # 1 and 11). Plaintiff has not shown good cause for his delay. *See, e.g., DeLong v. Arms*, 251 F.R.D. 253, 255 (E.D. Ky. 2008) (holding that "mere oversight" was not sufficient to constitute good cause).

Turning to the factors in *Nafziger*, although perhaps this delay did not prejudice Defendant, Plaintiff has provided no good reason or explanation of good faith for the delay, and the delay was entirely within the reasonable control of Plaintiff's counsel, who had only to deliver payment and the summons to the Kentucky Secretary of State. In fact, upon the Court's Show Cause Order, it took Plaintiff's counsel only eight days to effectuate service properly. (Doc. # 9). Furthermore, the substantial delay between the Kentucky Secretary of State's initial notice on November 20, 2017, and Plaintiff's counsel's request for a second summons, on January 9, 2018, in addition to the revelation that Plaintiff's counsel did not even seek to serve the summons until after this Court had issued a Show Cause Order, suggest that the potential impact on judicial proceedings should this action continue will be substantial. Plaintiff has not demonstrated excusable

5

neglect, no good cause for the delay has been shown, and therefore, this Court is not required to extend the time for service under Rule 4(m).

Despite the lack of good cause, the Court has discretion to extend the time for service. Fed. R. Civ. P. 4(m). However, an attorney's "inadvertent failure" or "halfhearted efforts" to effect service are not good cause, *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991), and Plaintiff has provided the Court no other reasons explaining why he blatantly disregarded Rule 4(m), and why this Court should use its discretion to extend the time for service. Therefore, pursuant to Rule 4(m), this action is **dismissed.**[1]

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Defendant Alva A. Hollon, Jr.'s Motion to Dismiss (Doc. # 10) is **GRANTED**;

(2) Plaintiff Ronald K. Belhasen's Complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**; and

(3) A Judgment in favor of Defendant Alva A. Hollon, Jr. will be entered contemporaneously herewith.

This 23rd day of May, 2018.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\Opinions\London\17-279 Belhasen v. Hollon MOO re MTD 4m.docx

---

[1] The Court notes that this action is dismissed under Rule 4(m) only, and that this Memorandum Opinion and Order does not address the other grounds for dismissal raised by Defendant.